IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NE COLORADO CELLULAR, INC., d/b/a VIAERO WIRELESS, and INDUSTRIAL TOWER WEST, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> SEWARD COUNTY BOARD OF COMMISSIONERS, <br><br> Defendant. | 4:24-CV-3080 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the parties' cross-motions for summary judgment. Filing 32; filing 36. The plaintiffs, NE Colorado Cellular, Inc. (doing business as Viaero Wireless) and Industrial Tower West, LLC (collectively, Viaero), allege the defendant, the Seward County Board of Commissioners, wrongfully denied a conditional use permit to construct a telecommunications service tower. Viaero seeks relief under the Telecommunications Act of 1966 ("TCA"), Pub. L. No. 104-104, 110 Stat. 56 (codified as amended in various sections of U.S.C. titles 15, 18, and 47); state law; and both the federal and state constitutions. *See* filing 1 at 12-15.

Viaero seeks an injunction ordering the County to approve its permit application. The County seeks to dismiss all of Viaero's claims against it. The Court will vacate and remand the County's decision to deny Viaero's application.

## I. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## II. BACKGROUND

Viaero provides wireless telecommunication and broadband service in Nebraska, Colorado, Wyoming, and Kansas. Filing 38 at 2. In January 2024, Viaero applied for a conditional use tower development permit to construct a 225-foot guyed service tower in Seward County, Nebraska, near Bee. *See* filing 38 at 8-9. Its first application was rejected by the Seward County Broadband Task Force because the proposed site location was too close to Bee. Filing 38 at 8. The Task Force did not object to Viaero's second application, filing 33-1, with a proposed site between Bee and Garland. Viaero applied for funding from the Nebraska Universal Service Fund Broadband Program, managed by the Nebraska Public Service Commission, to construct the proposed service tower. *See* filing 33-6 at 42.

### *Viaero's Application*

The requirements for a tower development permit are in § 8 of the County's comprehensive Zoning Resolution, codified as Resolution No. 2567 (2007). *See generally* filing 33-12. One of the requirements is that a service provider must submit proof that it attempted to "obtain permission to install or collocate" the provider's facilities on an existing tower, or proof that the applicant's telecommunications "cannot be installed or collocated on another tower or useable antenna support structure." § 8.01.04(4). The County's intention is to "promote and encourage" shared use and collocation of towers, rather than the construction of single-use towers. § 8.01.01. Additionally, the regulations indicate that no proposed tower "shall be located within five miles of any existing tower, without approval of" the Board of Commissioners. § 8.01.03(2).

3

Viaero submitted a letter from an engineer averring that Viaero used the FCC's Antenna Structure Registration database to identify registered towers within a one-mile radius of the proposed site, and it did not locate such structures. Filing 33-2 at 19, *see* Zoning Resolution § 8.01.04(3). In the same letter, Viaero asserted that it was unable to co-locate on any existing tower. Filing 33-2 at 19; § 8.01.04(4).

*April 2024 Public Hearing*

The County Board of Commissioners held a public hearing on Viaero's application in April 2024. Filing 34 at 3. A Viaero representative appeared at the public hearing to support Viaero's application, and to answer any questions. No one from the public appeared to oppose the tower. But the Board's chairperson, Misty Ahmic, distributed a "handout," filing 33-6, to her fellow board members, expressing her concerns with Viaero's application. The handout included highlighted and annotated copies of Viaero's various applications, an annotated version of some provisions in the Zoning Resolution, various maps, and a document relating to data speeds. *See* filing 38 at 13-14.

Ahmic is a member of the Broadband Task Force, which was formed to "find public and private partnership opportunities that expand broadband capacity" in Seward County. Filing 34-1 at 2.[1] At the public hearing, she asked

---

[1] Viaero objects to Ahmic's affidavit, cited here, on the basis that Ahmic is not qualified to attest to the topics therein. *See* filing 39 at 3-5. But the Court is satisfied that the information contained in Ahmic's affidavit would be admissible at trial, in part based on Ahmic's membership in the Broadband Task Force and her experience as a public official in Seward County. *See Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 758 (8th Cir. 2015) (layperson testimony is admissible if the witness's perceptions are based on industry experience); *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) (the standard at summary

several questions of the Viaero representative, based on the concerns outlined in her handout. She asked for more details about the promised internet speeds, Viaero's application to the Nebraska Public Service Commission, and the type of tower Viaero intended to construct. The Viaero representative was unable to answer most of Ahmic's questions. *See, e.g.,* filing 34-14 at 8, 10.

The County unanimously denied Viaero's application for a conditional use permit. *See* filing 33-7 (Resolution No. 3806). In its findings of fact, the County determined: Viaero's permit did not conform to the applicable regulations of the district; the proposed use would not be in harmony with the character of the area, nor would it be the most appropriate use of the land; the establishment, maintenance, or operation of the proposed use would be detrimental to or endanger the public health, safety, moral, comfort, or general welfare of the County; the proposed use would be injurious to the use and enjoyment of other property in the immediate vicinity; and the proposed use would impede the normal and orderly development of the surrounding property for uses permitted in the district. *See* filing 33-7. This vote is reflected both in the resolution, filing 33-7 at 1, and the meeting minutes, filing 33-4 at 7-8.

### III. DISCUSSION
#### 1. THE TELECOMMUNICATIONS ACT

The TCA was intended by Congress to foster competition among telecommunications providers, improve the quality of their services, and encourage the rollout of new technologies without delay. *Sprint Spectrum, L.P.*

---

judgment is not whether the evidence is admissible, but whether evidence offered "*could* be presented at trial in an admissible form"). Viaero also asserts the Court should not consider this evidence because it is outside of the scope of the administrative record. That issue is discussed below.

*v. Platte Cnty., Mo.,* 578 F.3d 727, 731 (8th Cir. 2009); *USCOC of Greater Iowa, Inc. v. Zoning Bd. of Adjustment of the City of Des Moines*, 465 F.3d 817, 819 (8th Cir. 2006). The TCA generally preserves the traditional authority of local zoning boards "over decisions regarding the placement, construction, and modification of personal wireless service facilities," subject to certain substantive and procedural limitations. 47 U.S.C. § 332(c)(7)(A); *see also T-Mobile S., LLC v. City of Roswell,* 574 U.S. 293, 300 (2015).

Among the limitations imposed by the TCA is the procedural requirement that a locality's decision denying permission to construct a cellular tower be "in writing and supported by substantial evidence contained in a written record." § 332(c)(7)(B)(iii). The TCA also prevents a locality from acts that "unreasonably discriminate among providers of functionally equivalent services," or that "prohibit or have the effect of prohibiting the provision of personal wireless services." § 332(c)(7)(B)(i). Viaero asserts that the County has violated each of these TCA provisions.

(a) Substantial Evidence

Viaero agrees that the County provided its reasons for denial "in writing" in accordance with the TCA. *See* filing 39 at 14. The denial letter is in evidence as the County's Resolution No. 3806, filing 33-7. The written resolution denies Viaero's application and provides written reasons for doing so. Viaero instead challenges whether the reasons for the denial are supported by substantial evidence contained in a written record. § 332(c)(7)(B)(iii).

The statutory phrase "substantial evidence" is a term of art in administrative law that describes how a court reviews an administrative record. *City of Roswell,* 574 U.S. at 301*; see also Sprint Spectrum, L.P. v. Platte Cnty.*, 578 F.3d 727, 733 (8th Cir. 2009). The "substantial evidence" test is a

6

procedural safeguard, directed at whether the denial of a conditional use permit is "consistent with the applicable local zoning requirements." *Platte Cnty.*, 578 F.3d at 733 (quoting *VoiceStream Minneapolis, Inc. v. St. Croix Cnty*, 342 F.3d 818, 830 (7th Cir. 2003)). The standard is not demanding—it is essentially deferential. *Id.*; *see also NE Colo. Cellular, Inc. v. City of N. Platte*, 764 F.3d 929, 937 (8th Cir. 2014); *USCOC of Greater Mo. v. City of Ferguson*, 583 F.3d 1035, 1042 (8th Cir. 2009). Substantial evidence requires such relevant evidence, more than a scintilla but not necessarily a preponderance, that a reasonable mind might accept as adequate to support a conclusion. *See Platte Cnty.*, 578 F.3d at 733.

The Court will not reject a locality's decision as unsupported by substantial evidence if "there exists the possibility of drawing two inconsistent conclusions from the evidence." *Smith Comm'n, LLC v. Washington Cnty.*, 785 F.3d 1253, 1259 (8th Cir. 2015) (quoting *USCOC of Greater Iowa*, 465 F.3d at 821-22). Nor can the Court substitute its own determination for that of the administrative fact-finder, even if the Court believes that the fact-finder is clearly wrong. *Id.* If even one reason given for the denial is supported by substantial evidence, the decision of the local zoning body cannot be disturbed. *Orange Cnty.-Poughkeepsie Ltd. P'ship v. Town of E. Fishkill*, 84 F. Supp. 3d 274, 296 (S.D.N.Y. 2015); *cf. Platte Cnty.*, 578 F.3d at 732.

(b) Scope of Review

At the outset, the parties dispute the scope of this Court's review. Viaero objects to most of the County's evidence on that basis. *See* filing 40 at 2. In particular, Viaero argues this Court cannot consider the prepared transcript from the County's April 2024 board meeting because that transcript was not provided contemporaneously with its written denial. Filing 39 at 13.

Viaero's argument rests on a strained reading of the Supreme Court's holding in *City of Roswell*. Viaero seems to assert that an applicant must be given *the entire administrative record* alongside the written denial in order for a reviewing court to consider it. But *City of Roswell* only requires that an applicant must be provided with a written denial and written reasons for that denial, contemporaneously. 574 U.S. at 307. A meaningful review of a denial is not limited to the facts specifically offered in a written decision. *S.W. Bell Mobile Syst., Inc. v. Todd*, 244 F.3d 51, 60 (1st Cir. 2001), *abrogated on other grounds by City of Roswell,* 574 U.S. at 308; *see also Platte Cnty.,* 578 F.3d at 730. Localities are not expected to produce highly detailed findings of fact and conclusions of law in denying conditional use permits. *See Platte Cnty.*, 578 F.3d at 732. The "written record" requirement exists to enable parties adversely affected by a locality's decision to efficiently and effectively seek judicial review, and to facilitate such review by courts. *Cf. City of Roswell,* 574 U.S. at 300. In this case, those purposes are served by consideration of the meeting transcript.

That said, the Court agrees with Viaero that the County may not rely on any *reasons* found in the administrative record separate from those provided in Resolution No. 3806. Post-hoc rationales cannot support a denial. *Id.* at 304 n.3; *USCOC of Greater Iowa, Inc. v. City of Bellevue,* 279 F. Supp. 2d 1080, 1087 (D. Neb. 2003); *accord Waldoch v. Medtronic, Inc.,* 757 F.3d 822, 829-30 (8th Cir. 2014); *Calcutt v. FDIC*, 598 U.S. __, No. 22-714, slip op. at 1 (May 22, 2023) (per curiam). An agency must "articulate a satisfactory explanation for its action" to enable a court's review. *City of Roswell,* 574 U.S. at 302 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983)); *see also Platte Cnty.,* 578 F.3d at 732 (denial must provide "sufficient reasoning to permit a meaningful review of whether the

8

administrative record contains substantial evidence to support" the locality's conclusion).

The County will prevail on its summary judgment motion if the written reasons in Resolution No. 3806 for denying Viaero's conditional use permit application are supported by substantial evidence contained in the administrative record. § 332(c)(7)(B)(iii); *see also City of N. Platte,* 764 F.3d at 936. That record includes all of the evidence that was before the County at the time it denied Viaero's application. Other evidence provided by the parties may be relevant to other issues presented in this case.

(c) Resolution No. 3806

The County provided five reasons for denying Viaero's conditional use permit in its written denial:

- The use does not conform to the applicable regulations of the district in which it is located.

- The use is not in harmony with the character of the area and is not the most appropriate use of the land.

- The establishment, maintenance, or operation of the conditional use will be detrimental to or endanger the public health, safety, moral, comfort, or general welfare of the county.

- The conditional use will be injurious to the use and enjoyment of other property in the immediate vicinity for the purpose already permitted, or will substantially diminish and impair property values within the neighborhood.

- The establishment of the conditional use will impede the normal and orderly development of the surrounding property for uses permitted in the district.

*See* filing 33-7 at 2.

These generic findings are based on the standards that *all* conditional use permits must meet under the County's Zoning Resolution. *Compare* filing 33-12 at 91 (Zoning Resolution § 5.04), *with* filing 33-7 (written denial). These reasons are undeniably sparse; there is no explanation in the denial for how or why Viaero's application did not meet those standards.

The preliminary question for the Court is whether these written reasons provide sufficient detail to enable judicial review. *See Platte Cnty.*, 578 F.3d at 732. A locality can't provide vague, generic reasons for a denial to sandbag a service provider. *See City of Roswell*, 574 U.S. at 304 n.3. But neither can the Court expect well-reasoned, detailed findings of fact and conclusions of law. *Cf. Platte Cnty.*, 578 F.3d at 732.

The County, in its briefing, attempts to explain why Viaero's permit did not meet the County's zoning standards. The County repeatedly argues that it denied Viaero's permit for three reasons: the tower would be located within five miles of an existing tower; the tower would not provide sufficient internet speeds; and the County did not approve of Viaero's proposed use of the Nebraska Universal Service Fund. *E.g.,* filing 35 at 22; filing 34 at 4-6; filing 42 at 1. But *none* of those briefed reasons appear in the County's written denial, nor do the reasons in Resolution No. 3806 provide enough detail to enable judicial review on those grounds. *Cf. Platte Cnty.*, 578 F.3d at 732.

The County is trying to shoehorn its justifications stated on the record at the public hearing into the generic reasons contained in the written denial. This is not permitted. *See City of Roswell*, 574 U.S. at 304 n.3. The County's

10

written denial failed to provide sufficient written reasons to enable the Court's review, thereby violating the TCA. *See* § 332(c)(7)(B)(iii); *Platte Cnty.*, 578 F.3d at 732. The Court will grant Viaero's motion for summary judgment (filing 36), and deny the County's motion (filing 32), on that issue.

## 2. EQUITABLE RELIEF

The TCA does not specify a remedy when a locality denies a permit contrary to the TCA's requirements. *See* § 332(c)(7)(B)(v); *Smith Comm'n, LLC v. Washington Cnty.*, No. 13-cv-5152, 2014 WL 2450067, at *6 (W.D. Ark. June 2, 2014), *aff'd*, 785 F.3d 1253 (8th Cir. 2015); *cf. City of Roswell*, 574 U.S. at 308. A court may issue an injunction compelling the locality to issue the requested permit, which is the relief Viaero seeks here. *See Nat'l Tower, LLC v. Plainville Zoning Bd. of App.*, 297 F.3d 14, 22 (1st Cir. 2002); filing 36 at 2. However, remand may be appropriate where the record reflects a legitimate concern that was not adequately addressed or developed. *See City of Bellevue*, 279 F. Supp. 2d at 1088; *Cellco P'ship v. City of Elkhart Bd. of Zoning App.*, No. 3:23-cv-913, 2025 WL 428415, at *4 (N.D. Ind. Feb. 7, 2025).

While the reasons provided in the County's written denial are too vague to enable judicial review, the County *did* provide reasons, on the record at a public hearing, for why it wanted to deny the permit. Chairperson Ahmic indicated that there was another service tower less than five miles away, so the board had the discretion to deny the permit. Filing 34-14 at 16; filing 33-12 at 101. Ahmic said that another commissioner "took a drive" near Viaero's proposed site and found the other tower only three miles away. Filing 34-14 at 16. Ahmic provided, in her handout that she handed out to the board, a map identifying Viaero's proposed site and the existing communications tower.

11

The County's Zoning Resolution states that no proposed tower can be located within five miles of any existing tower without the board's approval. § 8.01.03(2); filing 33-12 at 101. "Tower" is defined as "a self-supporting lattice, guyed, or monopole structure that supports Telecommunications Facilities," but the definition does not include "non-commercial amateur radio operators equipment," nor does it include "structure[s] supporting an earth station antenna serving residential premises or dwelling units exclusively." § 8.01.02(12); filing 33-12 at 101.

Viaero argues there is no substantial evidence in the administrative record that there is an existing tower within five miles of Viaero's proposed tower upon which Viaero could co-locate. In its permit application, Viaero asserted it conducted a search of towers "registered" with the Federal Communications Commission, and was unable to locate any existing towers. But the Zoning Resolution is not limited by registered towers or towers upon which a provider can co-locate—plainly, by the express language in the Zoning Resolution, the County has the discretion to allow a tower to be constructed within five miles of an existing structure that supports telecommunications facilities. § 8.01.03(2).

"Substantial evidence" doesn't mean expert testimony or scientific evidence. It is sufficient that Ahmic said, on the record, that another board member "took a drive" and saw the existing tower. That evidence is "more than a scintilla" that a tower was within five miles of Viaero's proposed site, and a reasonable mind might accept such testimony as sufficient to support a conclusion. *See Platte Cnty.*, 578 F.3d at 733. So, the County *did* have a reason supported by substantial evidence to deny the tower; it just failed to provide that reason in writing at the time of the written denial.

Viaero argues the County can't reject its permit based on concerns about

12

internet speeds. Filing 39 at 17. But the cases to which Viaero cites involve denials "based on the environmental effects of radio frequency emissions," and the TCA explicitly forbids denials on those bases. § 332(c)(7)(B)(iv); *T-Mobile Ne. LLC v. Louden Cnty. Bd. of Supervisors*, 748 F.3d 185, 193 (4th Cir. 2014); *Extenet Sys., Inc. v. Twp. of N. Bergen.*, No. 20-cv-15098, 2022 WL 1591398, at *4 (D.N.J. May 19, 2022). There's no similar statutory prohibition on considering the sufficiency of internet speeds. Viaero's representative did not answer Ahmic's questions about the type of tower, what speeds could be promised, or how Viaero could deliver adequate services. *See* filing 34-14 at 13. The Court is not persuaded that a locality *must* issue a conditional use permit even if a service provider cannot make assurances about its internet speeds and its proposed use of public funds.

Viaero isn't entitled to construct a tower when its own representative failed to address the County's concerns. By the same token, the County can't sandbag Viaero by moving the goalposts about internet speeds in the middle of a public hearing. The County also can't rely on speculation as a reason to deny a permit application that otherwise complies with local regulations. But the County has facially valid concerns about Viaero's proposed internet speeds and whether Viaero's proposal will suit the general welfare of its community. It's also an issue that Viaero's proposed site may be within five miles of an existing tower.

If a remand would only give a locality the opportunity to substantiate post-hoc rationalizations for a denial, an injunction compelling a locality to grant a conditional use permit may be appropriate. *See City of Bellevue*, 279 F. Supp. 2d at 1088. But the reasons provided by the County in briefing can hardly be considered "post-hoc": those reasons were stated on the record, in the presence of a Viaero representative, at a public hearing. It's unlikely that

Viaero can claim it's somehow prejudiced. *See Washington Cnty.*, 785 F.3d at 1258. The County's procedural and technical failure to write those reasons down does not warrant Viaero's requested relief. *See City of Elkhart*, 2025 WL 428415, at *4 ("Missing the 'in writing' requirement should not every time result in a 'gotcha' moment that triggers the strongest of equitable remedies by means of injunction, nor should it foist on a reviewing court the task of administratively making up the difference.").

Based on these facts, the appropriate remedy is to remand this case to the County to further develop the record.[2]

### 3. OTHER CLAIMS

Because the County failed to comply with one of the procedural requirements of the TCA, the Court need not address Viaero's other theories of recovery. *See MetroPCS, Inc. v. City and Cnty. of San Francisco*, 400 F.3d 715, 724 (9th Cir. 2005), *abrogated on other grounds by City of Roswell*, 574 U.S. 293. Viaero sought the same relief for each of its claims: that the Court vacate the County's denial and issue an injunction compelling the County to grant the tower development permit. The Court is vacating the County's denial; the County may determine, on remand, to allow Viaero's tower, or it may again deny the application. So, Viaero's other claims are necessarily moot.

However, in determining that remand is the appropriate remedy in this case, the Court has considered Viaero's other, substantive claims. Viaero asserted that the County violated § 332(c)(7)(B)(i) of the TCA because the

---

[2] The Eighth Circuit has tacitly approved a "harmless error" approach when a locality fails to provide "adequate notice of the reasons for" a denial, where it's apparent a service provider is not prejudiced by an alleged delay. *See Washington Cnty.*, 785 F.3d at 1258. Such an approach bolsters this Court's evaluation of the proper equitable remedy.

14

denial constituted an effective prohibition of the provision of personal wireless service. An "effective prohibition" occurs when a locality "materially limits or inhibits the ability of any competitor or potential competitor to compete in a fair and balanced legal regulatory environment." *Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment*, 33 FCC Rcd. 9088, 9102 (2018) [hereinafter *Broadband Order*]; *see also Cellco P'ship v. White Deer Twp. Zoning Hearing Bd.*, 74 F.4th 96, 103-04 (3d Cir. 2023). Criteria that might be relevant to the question of whether a locality's decision to deny a permit materially inhibited the provision of a wireless service include: insufficiency of coverage, a lack of alternatives available, unreasonable costs imposed on the carrier, and unreasonable delay in making the decision. *TowerNorth Dev., LLC v. City of Geneva*, No. 22-cv-4151, 2025 WL 975753, at *13 (N.D. Ill. Mar. 31, 2025).

While Viaero argues the FCC standard does not require it to prove a gap in coverage, *see* filing 37 at 27, the standard *does* require proof of one of the following: a gap in coverage, a need to densify a network, an introduction of new services, or some other improvement of services. *See Broadband Order*, 33 FCC Rcd. at 9104. A coverage gap, standing alone, does not require a locality to grant a conditional use permit that does not comply with otherwise lawful zoning regulations. *TowerNorth Dev.,* 2025 WL 975753, at *16; *accord Broadband Order,* 33 FCC Rcd. at 9106 n.94; *VoiceStream Minneapolis,* 342 F.3d at 834 (provider must "show more than that it was denied an opportunity to fill a gap in its service system" (quoting *APT Pittsburgh Ltd. P'ship v. Penn Twp. Butler Cnty.*, 196 F.3d 469, 479 (3d Cir. 1999)); *Level 3 Comm'ns, LLC v. City of St. Louis*, 477 F.3d 528, 533 (8th Cir. 2007).

However, a locality cannot favor one company or form of service over another. *See* § 332(c)(7)(B)(1)(i); *AT & T Wireless PCS, Inc. v. City Council of*

15

*Va. Beach*, 155 F.3d 423, 427 (4th Cir. 1998). So the County should be wary of denying Viaero's permit in the hopes that some "better" provider seeks the same Nebraska Public Service Commission funds that Viaero has acquired. The County provided no argument on this issue, nor did the County appear to consider these requirements in the initial hearing. The County will have the opportunity to determine, on remand (and with the advice of counsel), whether any of these issues warrant further discussion in adjudicating Viaero's permit application.

The Court has also considered Viaero's constitutional and state law claims. None present a reason to compel construction of the proposed tower rather than remand this case for further consideration by the County. These claims are dismissed as moot.

## IV. CONCLUSION

The Court is vacating the County's denial and remanding this case for further deliberation on an expedited basis, *see* § 332(c)(7)(B)(v). The County will have the opportunity to confer with counsel about what is necessary to adjudicate Viaero's application to comply with this Order and the TCA, and hopefully prevent further litigation on this issue. The remand necessarily moots Viaero's claims under the TCA for anti-discrimination and effective prohibition, its state-law petition in error, and its substantive due process claim, and nothing in this Order precludes Viaero from pursuing any viable claims that may arise if the County again denies Viaero's permit application. Viaero and the County should be prepared to address the issues discussed in this Order. If the County can show good cause, the Court may consider a reasonable extension of the deadlines contained in the Judgment.

Accordingly,

IT IS ORDERED:

1. The plaintiffs' motion for summary judgment (filing 36) is granted.

2. The defendant's motion for summary judgment (filing 32) is denied.

3. The plaintiffs' motion for oral argument (filing 47) is denied.

4. A separate judgment will be entered.

Dated this 13th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge